UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 7 2002

ANGELA HARVIN, next friend to her minor child,

JOSEPH BENNETT
     5703 East Capitol Street, SE
     Washington, DC 20019,

               Plaintiff

             v.



**CASE NUMBER** 1:02CV00729

**JUDGE:** John Garrett Penn

**DECK TYPE:** Civil Rights (non-employment)

**DATE STAMP:** 04/17/2002

**JURY ACTION**

THE DISTRICT OF COLUMBIA
     A Municipal Corporation
     1350 Pennsylvania Avenue, NW
     Washington, DC 20004

     Serve: The Hon. Anthony Williams, Mayor
           District of Columbia
           1350 Pennsylvania Avenue, NW
           Washington, DC 20004

           Robert Rigsby
           District of Columbia Corporation Counsel
           1350 Pennsylvania Avenue, NW #409
           Washington, DC 20004

           and

ODIE WASHINGTON, Director
District of Columbia Department of Corrections
1923 Vermont Street, NW
Washington, DC 20001,
           Individually and in his Official Capacity

           and

PATRICIA BRITTON-JACKSON, Warden
District of Columbia Jail
1923 Vermont Street, NW
Washington, DC 20001,
           Individually and in her Official Capacity

and

DIANE BROWN, Principal
W. Bruce Evans Middle School
5600 East Capitol Street, NE
Washington, DC 20019,
        Individually and in her Official Capacity,

                    Defendants

## COMPLAINT FOR DAMAGES

(Civil Rights: First, Fourth, Fifth and Ninth Amendments/42 U.S.C. sec. 1983; Assault;
Battery; Intentional Infliction of Emotional Distress; False Arrest; Negligent Supervision;
Violations of D.C. Department of Corrections and D.C. Public School Municipal
Regulations; *Inter Alia*)

1. This action is being filed on behalf of plaintiff's son, a minor child. It is being

brought pursuant to 42 U.S.C. sec. 1983, et seq., for violations of the minor child's rights

under the First, Fourth, Fifth and Ninth Amendments, U.S. Constitution, and pursuant to

common law claims of assault, battery, negligent and intentional infliction of emotional

distress, negligent supervision, false arrest and imprisonment, and of violations of D.C.

Department of Corrections regulations and D.C. Public School municipal regulations,

*inter alia*, suffered by the minor child as a result of defendants' acts, committed under

color of law and to which defendants do not have qualified immunity from suit. On

behalf of her son, plaintiff seeks an award of monetary damages, attorneys fees, and

costs.

### JURISDICTION

2. Subject-matter jurisdiction is invoked pursuant to 28 U.S.C. sec. 1331 and

1343, as this case arises under the Constitution and laws of the United States. The court

also has pendent jurisdiction.

## PARTIES

3. Plaintiff, Angela Harvin, is the next friend and legal custodial parent of Joseph Bennett, her minor child. They reside at 5703 East Capitol Street, SE, Washington, D.C. At all times relevant to this lawsuit the minor child was a student at the W. Bruce Evans Middle School, a District of Columbia public school, located in Washington, D.C.

4. Defendant District of Columbia is a municipal corporation and is responsible for the operation and supervision of all aspects of the District of Columbia Department of Corrections and of the District of Columbia public school system, including but not limited to all personnel employed therein.

5. At all times relevant to the allegations contained in this lawsuit, defendant Odie Washington was the Director of the District of Columbia Department of Corrections. He is being sued in his individual and official capacities.

6. At all times relevant to the allegations contained in this lawsuit, defendant Patricia Britton-Jackson was the Warden of the District of Columbia Jail. She is being sued in her individual and official capacities.

7. At all times relevant to the allegations contained in this lawsuit, defendant Diane Brown was the Principal of the W. Bruce Evans Middle School, a public school located in the District of Columbia. She is being sued in her individual and personal capacities.

## FACTS

8. In May 2001, when the events giving rise to this lawsuit arose, plaintiff's minor child was fourteen years old. He was in the 7th grade at W. Bruce Evans Middle School.

9. In or about May 2001, plaintiff was given a standard D.C. Public School field trip authorization form for her signature. Except for the date, time and place of the field

trip, the form was identical in every respect to authorization forms used by the D.C.
Public School system for educational field trips to sites away from the school.

10. The authorization form informed plaintiff that on May 17, 2001 students from
Evans Middle School would be taking a field trip to the D.C. Jail. Nothing contained on
the form indicated that the students would be subjected to injurious, invasive,
humiliating, traumatic, real-life penal experiences. Plaintiff signed the authorization
form, thereby giving permission for Evans Middle School personnel to transport her
minor child to the D.C. Jail on May 17, 2001 and to supervise him there on what
defendants and their agents led her to believe would be an ordinary school field trip.

11. On May 17, 2001 plaintiff's minor child and several other male middle school
children were transported in a van, driven by defendants' agent, to the D.C. Jail at or
about 9:30 a.m. The children were chaperoned on the field trip by Dorothy Shepherd aka
Simpkins and Terrence Barker, Evans Middle School teachers.

12. Upon entering the jail, the Evans Middle School group, including plaintiff's
minor son and his schoolmates, Ms. Shepherd, Mr. Barker, and the driver of the van,
went through metal detectors and were otherwise subjected to jail security processes used
for jail visitors.

13. The Evans group subsequently was escorted to a room by jail guards
who ordered plaintiff's minor child and his schoolmates into what plaintiff's minor son
perceived to be a cell. The cell door was not locked, and the room may have been
unlocked, but plaintiff's minor child did not believe he was free to leave. Mr. Barker
remained in the room, as did the driver of the van who had transported the school
children from Evans to the jail. Ms. Shepherd left the room and waited in an adjoining
area.

14. Plaintiff's minor child watched as one or two schoolmates were individually called out of the cell and were told to take off his/their clothes, *inter alia*. At least one child resisted and screamed and yelled, but, in the end, the child was/children were stripped and searched, *inter alia*.

15. Horrified by what he was witnessing, and dreading the thought of his also being forced to strip, *inter alia*, plaintiff's minor child was then called out of the cell. Without probable cause that he had been or was currently engaged in any illegal activity, without reasonable suspicion that he was hiding contraband or was otherwise engaged in any illegal activity, plaintiff was forcefully ordered by the guards, at least one of whom towered over him in size and girth, to take off all of his clothes.

16. Fearing grave bodily harm if he did not comply, and despite feeling extreme humiliation, plaintiff's minor child -- in full view of his schoolmates and in full or partial view of jail inmates who were in an adjoining room, of Mr. Barker, and of the driver of the van -- took off his jeans shorts, two tee shirts, and his shoes. Plaintiff's minor son left his socks and boxer shorts on. Hoping that this would satisfy the guards, *inter alia*, he emphatically stated to the guards that he would not take off his boxer shorts.

17. One of the guards repeated the order to remove his boxer shorts. When plaintiff's minor child again refused to comply, a guard picked him up, threw him on a table, and, without probable cause that he had been or was currently engaged in any illegal activity, without reasonable suspicion that he was hiding contraband or was otherwise engaged in any illegal activity, and in violation of District of Columbia Department of Corrections and/or of District of Columbia jail regulations, of District of Columbia public school regulations, of District of Columbia laws, and of the laws of the United States and of the United States Constitution, forcefully pulled plaintiff's minor child's boxer shorts off despite his attempt to resist. The guard or guards then told

plaintiff's minor child to stand up, lift his penis, and bend over, spreading his "cheeks." Completely terrified and intimidated, and more embarrassed and humiliated than he could ever imagine, plaintiff's minor son complied. He then put on his clothes and returned to the cell. Neither Mr. Barker nor anyone else affiliated with the D.C. public school system came to the aid of plaintiff's minor child.

18. Had these outrages upon plaintiff's minor child's personal dignity occurred during an armed conflict, defendants' acts would have constituted "war crimes" in violation of customary international law and international treaty law. See, e.g., Article 2(b)(xxi), Rome Statute of the International Criminal Court; Article 3, ICTY Statute and Common Article 3.1(c), Geneva Conventions (1949).

19. Subsequently, plaintiff's minor child and his schoolmates were transported back to Evans Middle School where they came in contact with defendant Brown who laughed, *inter alia,* when plaintiff's minor child and his schoolmates told her what had happened to them at the jail.

20. Defendants' acts, individually and collectively, were shocking to the conscience and went well beyond the outer perimeters of their employment duties. The rights of plaintiff's minor child which defendants violated were so well established on May 17, 2001 that no reasonable officials in defendants' respective employment positions could have believed that his or her acts were lawful.

21. As a direct and proximate result of defendants' acts, plaintiff's minor son suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

COUNT I – 42 U.S.C. Sec. 1983/First, Fourth, Fifth and Ninth Amendments

22. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 21, *supra.*

23. Under color of law including but not limited to District of Columbia Department of Corrections and/or to District of Columbia Jail regulations, and to District of Columbia public school municipal regulations, defendants acted willfully, intentionally, recklessly, with deliberate indifference to and in callous disregard for the safety and welfare of plaintiff's minor child, and in bad faith, in violation of plaintiff's minor child's constitutional rights under the First, Fourth, Fifth and Ninth Amendments, U.S. Constitution.

24. More specifically, defendants deprived plaintiff's minor son of his right to be free from unreasonable searches and seizures [Fourth Amendment], of his right to privacy [First and/or Ninth Amendments], of his right to substantive and procedural due process of law [Fifth Amendment], and of his right to the equal protection of the law [Fifth Amendment], *inter alia*, in violation of 42 U.S.C. sec. 1983.

25. As a direct and proximate result of defendants' acts, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

COUNT II - False Arrest and False Imprisonment

26. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 25, *supra*.

27. Defendants intentionally detained and restrained plaintiff's minor child for a length of time with actual force and with the threat of force and without probable cause, without reasonable suspicion, or without any other legal justification.

28. As a direct and proximate result of the acts of defendants, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

COUNT III –D.C. Department of Corrections and/or D.C. Jail
Regulations; D.C. Public School Regulations

29. Plaintiff realleges and incorporates herein each and every allegation contained
in paras. 1 through 28, *supra.*

30. Upon a belief arising in part out of plaintiff's knowledge of the substance of
the Consent Decree in *Morgan, et al. v. Barry, et al.*, C.A. No. 81-1491 (D.D.C.),
defendants and their predecessors from the District of Columbia Department of
Corrections and/or from the District of Columbia Jail formulated regulations pertaining to
the circumstances under which convicted prisoners, arraigned and non-arraigned
arrestees, visitors, and others may be subjected to strip, body cavity and other searches.
Among other standards, these categories of persons may be stripped and otherwise
searched only when there is reasonable suspicion or probable cause to believe that they
are engaged in illicit activity or have contraband on, in, or about their clothing or bodies.

31. Under D.C. Public School municipal regulations, and particularly under 5
D.C.M.R sec. 2400, *et seq.*, students may be searched only if there exists reasonable
suspicion that there has been a violation of 5 D.C.M.R. sec. 25, or of District of Columbia
or federal criminal laws, or if such a search is part of the overall effort to maintain the
security and safety of D.C. Public Schools.  Pursuant to the regulations, any such
searches are to be conducted in private except where necessary to avoid immediate harm
or immediate disposal of contraband, *inter alia.*

32. Defendants knew or should have known what the strip search standards were
under D.C. Department of Corrections and/or under D.C. Jail regulations, and under the
D.C. public school municipal regulations.  Therefore, with deliberate indifference,
knowingly, intentionally, and/or recklessly, and in bad faith, defendants violated the D.C.
Department of Corrections and/or D.C. Jail regulations and D.C. public school municipal

regulations when they strip searched, *inter alia*, plaintiff's minor child who was a jail visitor and/or a detained, non-arraigned arrestee, and a D.C. public school student, at the time of defendants' acts complained of herein.

33. As a direct and proximate result of the acts of defendants, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation, and other damages.

COUNT IV – Assault

34. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 33, *supra.*

35. Defendants and defendants' agents intentionally and unlawfully caused apprehension of imminent physical harm to plaintiff's minor child.

36. As a direct and proximate result of the acts of defendants and of their agents, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

COUNT V – Battery

37. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 36, *supra.*

38. Defendants and defendants' agents intentionally touched plaintiff's minor child with great force and harm, offensively, and without his consent and/or without the consent of plaintiff, his legal custodial parent and best friend.

39. As a direct and proximate result of the acts of defendants and of their agents, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

### COUNT VI – Negligence

40. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 39, *supra*.

41. Defendants had a duty, including but not limited to an *in loco parentis* duty, to safeguard plaintiff's minor child while he was under their care and supervision.

42. Defendants breached the duties of care and supervision which directly and proximately caused the injuries alleged herein.

43. As a direct and proximate result of defendants' acts, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation and other damages.

### COUNT VII – Negligent Infliction of Emotional Distress

44. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 43, *supra*.

45. Defendants' negligence caused physical injury to plaintiff's minor child.

46. Plaintiff's minor child was in the zone of danger of defendants' acts, and defendants' negligent acts, individually and collectively, caused plaintiff's minor child to fear for his safety and caused him severe emotional distress.

47. In fact, defendants' negligent acts endangered plaintiff's minor child.

48. As a direct and proximate result of defendants' acts, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation, and other damages.

### COUNT VIII – Intentional Infliction of Emotional Distress

49. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 48, *supra*.

50. Defendants' acts, which were extreme, outrageous and intentional, and/or

which were engaged in with reckless disregard of and with deliberate indifference to the consequences of those acts, caused plaintiff's minor child severe emotional distress.

51. As a direct and proximate result of defendants' acts, plaintiff's minor child suffered, continues to suffer, and will suffer into the future, anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation, and other damages.

COUNT IX – Negligent Training and Supervision

52. Plaintiff realleges and incorporates herein each and every allegation contained in paras. 1 through 51, *supra.*

53. Defendants and their agents were employed by defendant District of Columbia on May 17, 2001.

54. Defendants knew or should have known that defendants and their agents were incompetent to perform certain duties of their respective positions on May 17, 2001.

55. In fact, on May 17, 2001, while in the employ of defendant District of Columbia, defendants negligently and recklessly and with deliberate indifference supervised their respective agents, including but not limited to jail guards and teachers.

56. Defendants negligently and recklessly failed to train and supervise their agents in arranging and leading tours for middle school-age children of the D.C. Jail facility, and defendants knew or should have known, therefore, that the D.C. Public School system, the D.C. Department of Corrections, and the D.C. Jail were wholly incompetent to accommodate tours of the jail taken by middle school-age children.

57. Defendants' acts were negligent and/or were undertaken with reckless disregard of and with deliberate indifference to the consequences of their acts.

58. Defendants breached their duty of care in training and supervising its

agents as to arranging and conducting tours of the D.C. Jail facility for middle school-age children.

59. As a direct and proximate result of defendants' acts, plaintiff's minor child suffered, continues to suffer, and will suffer into the future anxiety, pain, rage, sleeplessness, post traumatic stress syndrome, humiliation, and other damages.

WHEREFORE, plaintiff, in her capacity as next friend and legal custodial parent to Joseph Bennett, and on his behalf, requests that this court:

a.   Award plaintiff, on behalf of her minor child, $1,500,000 in compensatory damages;

b.   Award plaintiff, on behalf of her minor child, $3,500,000 in punitive damages;

c.   Separately, and as to defendants District of Columbia, Washington, and Britton-Jackson, award plaintiff, on behalf of her minor child, $1,500,000 as compensatory damages for violating D.C. Department of Corrections and/or D.C. Jail "strip search" regulations;

d.   Separately, and as to defendants District of Columbia, Washington, and Britton-Jackson, award plaintiff, on behalf of her minor child, $3,500,000 as punitive damages for violating D.C. Department of Corrections and/or D.C. Jail "strip search" regulations;

e.   Separately, and as to defendants District of Columbia and Brown, award plaintiff, on behalf of her minor child, $1,500,000 as compensatory damages for violating 5 D.C.M.R. sec. 2400, *et seq.*;

f.   Separately, and as to defendants District of Columbia and Brown, award plaintiff, on behalf of her minor child, $3,500,000 as punitive damages for violating 5 D.C.M.R. sec. 2400, *et seq.*;

g.  Award reasonable attorneys fees and costs;

h.  Grant such other relief as this court deems just.

Respectfully submitted,

Nina Kraut #348185
3815 Yuma Street, NW
Washington, DC 20016
202 745 0300
Attorney to Plaintiff

A TRIAL BY JURY IS REQUESTED